**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STANLEY L. NIBLACK, : | |
| : | Civil Action No. 05-900 (MLC) |
| Plaintiff, : | |
| : | |
| v. : | |
| : | **O P I N I O N** |
| CITY OF ASBURY PARK, et al., : | |
| : | |
| Defendants. : | |

**APPEARANCES**:

    STANLEY L. NIBLACK, Plaintiff <u>Pro Se</u>
    Monmouth County Correctional Institution
    1 Waterworks Road
    Freehold, New Jersey  07728

**COOPER**, District Judge

Plaintiff Stanley L. Niblack, a prisoner incarcerated at Monmouth County Correctional Institution, seeks to bring this action <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915. The Court (1) grants Plaintiff's application to proceed <u>in forma pauperis</u>; (2) directs the Clerk to file the Complaint without pre-payment of the filing fee; (3) assesses the $250.00 filing fee against Plaintiff; (4) directs the agency having custody of Plaintiff to deduct an initial partial filing fee from Plaintiff's institutional account and forward same to the Clerk, when funds exist; and (5) directs the agency having custody of Plaintiff to forward payments from his institutional account to the Clerk each subsequent month that the amount in the account exceeds $10.00, until the $250.00 filing fee is paid in full.  <u>See</u> 28 U.S.C. §

1915(a), (b).  Having reviewed Plaintiff's allegations, the Court dismisses the Complaint in part.

## I. BACKGROUND

Plaintiff sues the City of Asbury Park and three of its police officers for searching and seizing him without probable cause on two occasions, allegedly in violation of his rights under the Fourth Amendment of the United States Constitution, applicable to states through the Fourteenth Amendment, and 42 U.S.C. § 1983.  He asserts the following facts in support of his claims.  On December 26, 2002, officers Montgomery, White and Newman stopped Plaintiff, searched him, and held him for 30 minutes.  Plaintiff asserts that on July 11, 2003, the same officers pulled him over for no reason, as he was driving.  He alleges that when he complained about harassment, the officers searched the vehicle, manually and by using a dog.

Plaintiff states that he wrote to the prosecutor's office and the Chief of Police but he received no relief.  He asks this Court to award damages against each Defendant and to order the City to initiate disciplinary proceedings against the officers.

## II. LEGAL STANDARD FOR SUA SPONTE DISMISSAL

The _in forma pauperis_ statute requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding _in forma pauperis_ or a prisoner seeks redress against a governmental

employee or entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

"When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  "In addition, under a notice pleading system, it is not appropriate to require a plaintiff to plead facts establishing a prima facie case."  Swierkiewicz v. Soreman, 534 U.S. 506, 511 (2002); see Leatherman v. Tarrant County Narcotics Intelligence & Coord. Unit, 507 U.S. 163, 168 (1993).  Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  The statement of the claim must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Conley v. Gibson, 355 U.S. 41, 47 (1957).  "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of

unmeritorious claims." Swierkiewicz, 534 U.S. at 512.  Moreover, a pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios."  Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).  "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Swierkiewicz, 534 U.S. at 514 (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

Liberally construing Plaintiff's allegations and accepting them as true, as the Court is required to do at this stage of the litigation, the Court construes Plaintiff's Complaint as presenting two claims under 42 U.S.C. § 1983 for search and seizure without probable cause, contrary to the Fourth and Fourteenth Amendments.

### III.  DISCUSSION

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal constitutional rights by a person who was acting under color of state law.  To recover under 42 U.S.C.

4

§ 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970).

A. Statute of Limitations

The statute of limitations on civil rights claims is governed by New Jersey's two-year limitations period for personal injury. Wilson v. Garcia, 471 U.S. 261, 276 (1985); Montgomery v. DeSimone, 159 F.3d 120, 126 (3d Cir. 1998); Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989). This statute requires that "an action for an injury to the person caused by a wrongful act, neglect, or default, must be convened within two years of accrual of the cause of action." Cito, 892 F.2d at 25 (quoting Brown v. Foley, 810 F.2d 55, 56 (3d Cir. 1987)). Under federal law governing the accrual of § 1983 claims, "the limitations period begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action." Montgomery, 159 F.3d at 126 (quoting Genty v. Res. Tr. Corp., 937 F.2d 899, 919 (3d Cir. 1991)).

Here, Plaintiff alleges that three police officers stopped and searched him without probable cause on two occasions, December 26, 2002, and July 11, 2003. The statute of limitations

begins to run on an illegal search and seizure claim at the time of the search and seizure.  Montgomery, 159 F.3d at 126.  Plaintiff's first search and seizure claim accrued and the statute of limitations began to run in on December 26, 2002.  The limitations period expired on December 26, 2004, one month before Plaintiff executed this Complaint for mailing to the Clerk.  Thus, it is apparent from the face of the Complaint that Plaintiff's this claim is time-barred.

   The question remains as to whether this Court may dismiss the Complaint sua sponte under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) as time-barred.  The statute of limitations is an affirmative defense that must generally be pleaded and proved by the defendants.  See Robinson v. Johnson, 313 F.3d 128, 134-136 (3d Cir. 2002) (statute of limitations under 28 U.S.C. § 2244(d)(1) for a habeas corpus petition under 28 U.S.C. § 2254 is an affirmative defense); Bethel v. Jendoco Const. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978) (statute of limitations on civil rights claim is an affirmative defense).  While a plaintiff is not required to plead that the claim has been brought within the statute of limitations, Ray, 285 F.3d at 297, a civil rights claim may be dismissed as time-barred on defendant's motion to dismiss where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations."  Bethel v. Jendoco Const. Corp., 570 F.2d 1168,

1174 (3d Cir. 1978) (citation omitted). The Court explained the Third Circuit rule in the following passage:

> Under Fed.R.Civ.P. 8(c), the statute of limitations constitutes an affirmative defense to an action. Under the law of this and other circuits, however, the limitations defense may be raised on a motion under Rule 12(b)(6), but only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations . . . . If the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6).

Id. (citations and internal quotation marks omitted); see also Robinson, 313 F.3d at 134-36.

Several federal circuits, in considering whether a district court may sua sponte dismiss a claim as time-barred under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) where the time-bar is apparent on the face of the Complaint, have permitted sua sponte dismissal. See, e.g., Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); Pino v. Ryan, 49 F.3d 51 (2d Cir. 1995); Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993); Myers v. Vogal, 960 F.2d 750, 751 (8th Cir. 1992); Street v. Vose, 936 F.2d 38 (1st Cir. 1991). As the Fifth Circuit explained:

> Although the defense of limitations is an affirmative defense, which usually must be raised by the defendants in the district court, this court has held that the district court may raise the defense sua sponte in an action proceeding under 28 U.S.C. § 1915 . . . Thus, where it is clear from the face of a complaint filed in forma pauperis that the claims asserted are barred by the applicable statute of limitations, those claims [can be] properly dismissed.

Gartrell, 981 F.2d at 256 (citations omitted).

This Court holds that sua sponte dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) on statute of limitations grounds if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Bethel, 570 F.2d at 1174 (citation omitted). Applying this standard here, dismissal of Plaintiff's first Fourth Amendment claim is warranted because it is clear from the face of his Complaint that the claim is time-barred.[1]

B. Municipal Liability

Plaintiff's search and seizure claim arising from the July 11, 2003, incident is not barred by the statute of limitations. The Court will allow this claim to proceed as brought against the individual officers. However, Plaintiff also seeks damages against the City of Asbury Park for the allegedly

---

[1] Sua sponte dismissal of Plaintiff's Complaint as time-barred is not inconsistent with the Third Circuit's decision in Ray v. Kertes, 285 F.3d at 297. In Ray, the district court dismissed a prisoner's complaint without prejudice on the ground that the prisoner did not demonstrate compliance with the exhaustion requirement of 42 U.S.C. § 1997e(a) in his complaint. The Third Circuit reversed, holding that failure to exhaust is an affirmative defense and, given the liberal rules of pleading, a prisoner is not required to plead compliance with the exhaustion requirement of 42 U.S.C. § 1997e(a). The Court noted that, "[a]s a general proposition, sua sponte dismissal is inappropriate unless the basis is apparent from the face of the complaint" and determined that the sua sponte dismissal of Ray's complaint was improper because "Ray's failure to exhaust was not apparent from the complaint or other documents before the District Court." Ray, 285 F.3d at 297. In this case, however, sua sponte dismissal is warranted because it is apparent from the face of the Complaint that the federal claims were not brought within the applicable two-year statute of limitations.

unconstitutional search and seizure. Municipal liability under 42 U.S.C. § 1983 arises only when an official custom or policy causes the constitutional deprivation. <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 691-94 (1978). The city is not liable under § 1983 simply because it employs a tortfeasor. <u>Id.</u> "[A] failure to train, discipline or control can only form the basis for section 1983 municipal liability if the plaintiff can show both contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents and circumstances under which the supervisor's actions or inaction could be found to have communicated a message of approval to the offending subordinate." <u>Montgomery</u>, 159 F.3d at 127.

    Here, Plaintiff does not allege that the July 11, 2003, conduct resulted from a policy or custom of the City of Asbury Park. Nor does Plaintiff assert that any action or inaction on the part of a policymaker encouraged the allegedly unconstitutional search and seizure. Because the Complaint does not indicate that the violation of his constitutional rights resulted from a policy or custom of the City of Asbury Park, the Court will dismiss the complaint insofar as asserted against the municipal defendant without prejudice.[2]

---

[2] If Plaintiff believes he can allege facts showing municipal liability under § 1983, then he may file an amended complaint as of right at any time before a responsive pleading is served. <u>See</u> Fed.R.Civ.P. 15(a).

## IV. <u>CONCLUSION</u>

For the reasons set forth above, the Court grants Plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> and dismisses the Complaint in part. An appropriate Order accompanies this Opinion.

<u>   s/ Mary L. Cooper   </u><br>
MARY L. COOPER, U.S.D.J.